

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Ana Guadalupe PACHECO-Guerrero,<br><br>Defendant. | Case No.: **18MJ9200**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on June 25, 2018, to determine whether the defendant, Ana Guadalupe PACHECO-Guerrero, should be held in custody pending trial on the grounds that she is a flight risk. Assistant U.S. Attorney Rosario Gonzalez appeared on behalf of the United States. Court-appointed counsel Martin Molina appeared on behalf of Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services' report, and the criminal complaint issued against the Defendant on June 25, 2018, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

1

# I

# FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>:

1. The Defendant is charged in Criminal Complaint No. 18MJ9200 with the importation of 8.92 kilograms (19.62 pounds) of a mixture and substance containing a detectable amount of methamphetamine, and 3.78 kilograms (8.32 pounds) of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, U.S.C., §§ 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801, et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See, 18 U.S.C. § 3142(e).

3. The offense carries with it a minimum mandatory sentence of 10 years and a maximum sentence of life. See, 21 U.S.C. § 960(b)(1)(B) and (H). According to the United States Sentencing Guidelines, the Base Offense level is 34. See, USSG § 2D1.1(c)(3). Assuming the Defendant's criminal history score places her in Criminal History Category I, see, USSG § 4A1.1, the sentencing range for the Defendant is 151-188 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2))</u>:

1. On June 23, 2018, Ana Guadalupe PACHECO-Guerrero (PACHECO) applied for entry at the Calexico, California East Port of Entry as the driver, sole occupant, and registered owner of a 2009 Dodge Journey. PACHECO gave a negative Customs declaration to primary Customs and Border Protection Officer (CBPO) S. Baca. A CBPO subsequently directed PACHECO to the secondary inspection lot for canine screening.

2. At the vehicle secondary inspection lot, PACHECO appeared to be gripping the steering wheel tightly, with her line of sight locked straight forward. PACHECO presented her valid DSP-150 Border Crossing Card with shaky hands and claimed to own the vehicle

for the past three months. The CBPO directed PACHECO to drive her vehicle through the Z-portal (x-ray) machine.

3. The Z-Portal images revealed anomalies within the vehicle's center console/center hump. PACHECO's vehicle was screened by a Human/Narcotic Detector Dog (HNDD). The HNDD alerted to the center console/ center hump of the vehicle. The vehicle was placed on a lift, resulting in the discovery of a non-factory compartment located underneath the vehicle in the center console/center hump of the vehicle.

4. An inspection of the center console resulted in the discovery of approximately thirteen (13) packages individually wrapped with metallic tape. Ten packages contained a crystal-like substance which were field tested using a GEMINI machine. The sample tested positive for the properties of methamphetamine. Three packages contained a white powdery substance which were field tested using a GEMINI machine. The sample tested positive for the properties of Cocaine.

5. During a post-arrest statement, PACHECO admitted she was going to be paid approximately $3,000 to cross the vehicle into the United States with drugs, but she did not know the type of drugs she would be crossing or when the vehicle would be loaded.

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3))</u>:

1. Defendant is a citizen of Mexico.

2. Defendant resides in Mexicali, Baja California, Mexico.

3. Defendant has no legal right to remain or work in the United States as she possessed only a Border Crossing card which was revoked at the time of her arrest.

D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4))</u>:

The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. The Defendant does not have any criminal history.

## REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint No. 18MJ9200, to wit: 8.92 kilograms (19.62 pounds) of

a mixture and substance containing a detectable amount of methamphetamine, and 3.78 kilograms (8.32 pounds) of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, U.S.C., §§ 952 and 960.

B. Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. Therefore, she has a strong motive to flee.

C. The Defendant has not rebutted the presumption, based upon the Court's findings, that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings. See, 18 U.S.C. § 3142 (e).

## III

## ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General, or his designated representative, for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

//
//
//
//
//
//
//
//
//
//
//

|   | While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel. |

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.
DATED: 8-13-2018.

HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

ADAM BRAVERMAN
United States Attorney

ROSARIO GONZALEZ
Assistant U.S. Attorney

cc: Martin Molina
     Counsel for Defendant

5